NOT DESIGNATED FOR PUBLICATION

No. 113,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARON PEARSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 4, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.

*Per Curiam*:  Jaron E. Pearson appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Pearson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

On May 30, 2014, Pearson pled guilty to possession of cocaine. On August 7, 2014, the district court sentenced Pearson to 28 months' imprisonment but placed him on probation with community corrections for 12 months. Pearson did not timely appeal his sentence.

1

On January 7, 2015, the State filed a motion alleging that Pearson was in violation of his probation on multiple grounds, including the illegal use of drugs and being unsuccessfully discharged from his outpatient treatment program. At a hearing on January 16, 2015, Pearson stipulated to the probation violations. The district court revoked Pearson's probation and ordered him to serve a modified sentence of 17 months' imprisonment. The district court specifically found that Pearson was not amenable to probation and was a public safety risk to himself or others. Pearson timely appealed.

On appeal, Pearson contends that the district court erred in revoking his probation and ordering him to serve a modified prison sentence. Pearson acknowledges that the district court has discretion to revoke probation upon a showing that the defendant violated the terms of his or her probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2014 Supp. 22-3716(c)(9) provides that the district court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction. Pearson does not dispute the district court's finding that because of Pearson's

2

continued drug usage, he was not amenable to probation and was a public safety risk to himself or others. The district court showed leniency by reducing Pearson's sentence to 17 months' imprisonment. The district court's decision to revoke Pearson's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Pearson's probation and ordering him to serve a modified prison sentence.

Affirmed.